**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Efrain Rescalvo Vazquez, on behalf of himself and all other persons similarly situated, | DOCKET NO. 19-cv-6797 |
| Plaintiff, | **COMPLAINT** |
| - vs. - | |
| Wally's Deli & Grocery Corp. and Derhim Nasser, | |
| Defendants. | |

Plaintiff Efrain Rescalvo Vazquez, by and through his undersigned attorneys, for his complaint against defendants Wally's Deli & Grocery Corp. and Derhim Nasser, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiff Efrain Rescalvo Vazquez alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Wally's Deli & Grocery

Corp. and Derhim Nasser, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Rescalvo Vazquez further complains that he is entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## **THE PARTIES**

3.   Efrain Rescalvo Vazquez, who was known as "Francisco" when he worked for defendants, is an adult individual residing in New York, New York.

4.   Mr. Rescalvo Vazquez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his

written consent is attached hereto and incorporated by reference.

5.   Upon information and belief, defendant Wally's Deli & Grocery Corp. is a New York corporation with a principal place of business at 3345 Broadway, New York, New York.

6.   At relevant times, defendant Wally's Deli & Grocery Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

7.   Upon information and belief, at relevant times, Wally's Deli has had gross annual revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, Wally's Deli has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.   Upon information and belief, at relevant times, Wally's Deli has constituted an "enterprise" as defined in the FLSA.

10.  Upon information and belief, defendant Derhim Nasser is an owner or part owner and principal of Wally's Deli, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.   Defendant Derhim Nasser was involved in the day-to-day operations of Wally's Deli and played an active role in managing the business.

12.   Defendants constituted "employers" of Mr. Rescalvo Vazquez as that term is used in the Fair Labor Standards Act and New York Labor Law.

<u>**JURISDICTION AND VENUE**</u>

13.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

15.   Pursuant to 29 U.S.C. § 207, Mr. Rescalvo Vazquez seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since July 18, 2016, to the entry of judgment in this case (the "Collective Action Period"), who were non-managerial employees, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours

worked in excess of forty hours per workweek (the "Collective Action Members").

16.  The Collective Action Members are similarly situated to Mr. Rescalvo Vazquez in that they were employed by defendants as non-exempt employees, and were denied premium overtime pay for hours worked beyond forty hours in a week.

17.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

18.  Mr. Rescalvo Vazquez and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

19.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## **FACTS**

20.  At all relevant times herein, defendants have owned and operated a deli in Manhattan.

21.  Mr. Rescalvo Vazquez was employed by defendants from approximately August 2013 through July 2019.

22.  Mr. Rescalvo Vazquez was employed by defendants as a deli man.

5

23.  Mr. Rescalvo Vazquez's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

24.  At all relevant times herein, Mr. Rescalvo Vazquez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

25.  Mr. Rescalvo Vazquez worked regular schedules throughout his employment.

26.  For the first year of his employment, he worked six ten-hour days per week, and for the last month of his employment he worked seven 14-hour days per week.  For the rest of his employment, he worked either six or seven twelve-hour days per week.

27.  As a result, Mr. Rescalvo Vazquez worked either 60, 72, 84, or 98 hours per week throughout his employment.

28.  Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

29.  Mr. Rescalvo Vazquez was paid on a salary basis throughout his employment.  The amounts he was paid varied over time — he started at $550 per week, got a raise to about

$650 per week after a year, and then his pay varied between $700 and $990 per week.

30.  Mr. Rescalvo Vazquez was paid at these rates for all hours he worked, regardless of the exact number of hours he worked in a week.

31.  As a result, Mr. Rescalvo Vazquez's pay rate was below the applicable New York state minimum wage starting in roughly 2017.

32.  Defendants' failure to pay Mr. Rescalvo Vazquez an amount at least equal to the New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

33.  Mr. Rescalvo Vazquez was paid in cash throughout his employment, and he received no paystubs or wage statements of any sort with his pay.

34.  In addition, defendants failed to pay Mr. Rescalvo Vazquez any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

35.  Defendants' failure to pay Mr. Rescalvo Vazquez the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

36.   Throughout his employment, Mr. Rescalvo Vazquez worked six or seven shifts per week that lasted in excess of ten hours from start to finish, and yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

37.   Defendants failed to provide Mr. Rescalvo Vazquez with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any other time, in violation of the Wage Theft Prevention Act.

38.   Upon information and belief, throughout the Collective Action Period, defendants have likewise employed other individuals like plaintiff (the Collective Action Members) in positions at defendants' deli that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

39.   Defendants applied the same employment policies, practices, and procedures to all Collective Action Members,

including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

40.   Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the New York Labor Law.

41.   Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

42.   Upon information and belief, these other individuals were not paid "spread of hours" premiums on days when they worked shifts lasting in excess of ten hours from start to finish.

43.   Upon information and belief, these other individuals were not provided with required wage notices, or weekly wage statements, as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

44.   Upon information and belief, through relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law — Minimum Wage)

45.  Mr. Rescalvo Vazquez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

46.  At all relevant times, Mr. Rescalvo Vazquez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

47.  Defendants willfully violated the rights of Mr. Rescalvo Vazquez by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and the applicable regulations.

48.  Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

49.  Due to defendants' New York Labor Law violations, Mr. Rescalvo Vazquez is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

50.  Mr. Rescalvo Vazquez, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

51.  At all relevant times, defendants employed Mr. Rescalvo Vazquez and each of the Collective Action Members within the meaning of the FLSA.

52.  At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

53.  As a result of defendants' willful failure to compensate their employees, including Mr. Rescalvo Vazquez and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

54.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

55.   Due to defendants' FLSA violations, Mr. Rescalvo Vazquez and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

<u>**COUNT III**</u>

<u>**(New York Labor Law - Overtime)**</u>

56.   Mr. Rescalvo Vazquez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57.   At all relevant times, Mr. Rescalvo Vazquez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58.   Defendants willfully violated the rights of Mr. Rescalvo Vazquez by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

59.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

60.  Due to defendants' New York Labor Law violations, Mr. Rescalvo Vazquez is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT IV

### (New York Labor Law – Spread of Hours)

61.  Mr. Rescalvo Vazquez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

62.  At all relevant times, Mr. Rescalvo Vazquez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

63.  Defendants willfully violated the rights of Mr. Rescalvo Vazquez by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

64.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

65. Due to defendants' New York Labor Law violations, Mr. Rescalvo Vazquez is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V**

**(New York Labor Law – Wage Theft Prevention Act)**

66. Mr. Rescalvo Vazquez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

67. At all relevant times, Mr. Rescalvo Vazquez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68. Defendants willfully violated the rights of Mr. Rescalvo Vazquez by failing to provide him with valid wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

69. Defendants willfully violated the rights of Mr. Rescalvo Vazquez by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

70. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Rescalvo

Vazquez is entitled to recover from the defendants statutory damages of $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

71.  Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Rescalvo Vazquez is entitled to recover from the defendants statutory damages of $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Rescalvo Vazquez respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.  Liquidated damages for defendants' New York Labor Law violations;

    i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

    j.  Back pay;

    k.  Punitive damages;

    l.  An award of prejudgment and postjudgment interest;

    m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    n.  Such other, further, and different relief as this Court deems just and proper.

Dated:  July 18, 2019

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Wally's Deli and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Wally's Deli y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.


_____
Efrain Rescalvo Vazquez


Date:  July 15, 2019