UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:  8/28/2020

EFRAIN RESCALVO VAZQUEZ, *on behalf of himself and all other persons similarly situated*,

Plaintiff,

v.

WALLY'S DELI & GROCERY CORP. and DERHIM NASSER,

Defendants.

No. 19-CV-6797 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Efrain Rescalvo Vazquez is a former employee of Defendant Wally's Deli & Grocery Corp. ("Wally's Deli").  He commenced this action on behalf of himself and all other similarly situated persons against Wally's Deli and its owner or partial owner, Derhim Nasser, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.,* as amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab. Law § 195.  *See* Dkt. 1 ("Compl.") ¶¶ 1-2.  Plaintiff seeks (1) overtime damages under the FLSA and the NYLL, (2) spread of hours damages under the NYLL, (3) liquidated damages under the FLSA and the NYLL, (4) statutory damages under the WTPA, and (5) attorneys' fees and costs.  *See* Dkt. 22 ("Pl.'s Mot.") at 4-9; Dkt. 23 ("Stein Decl.") ¶¶ 16-19.[1]  Now before the Court is Plaintiff's motion for default judgment against both

---

[1] Plaintiff also alleged in his Complaint that Defendants violated the minimum wage provisions of the New York Labor Law, *see* Compl. ¶¶ 31-32, 45-49, but his motion for default judgment does not appear to seek damages for these alleged violations, *see* Dkt. 22; Stein Decl. ¶¶ 16-19; Dkt. 23, Ex. E ("Damages Calculation").

Defendants. *Id*. For the reasons that follow, Plaintiff's motion is granted. By separate order, the Court will refer this matter to Magistrate Judge Fox for an inquest into damages.

## FACTUAL BACKGROUND

Familiarity with the facts and procedural history of this case is presumed. The Court nonetheless recites those facts relevant to resolving the instant motion.

Plaintiff was employed as a "deli man" at Wally's Deli, a New York corporation, from August 2013 until July 2019. *See* Compl. ¶¶ 21-22, 24; Dkt. 23, Ex. D ("Vazquez Decl.") ¶¶ 6-7. His duties, which included making sandwiches and working the grill, were performed in the normal course of Wally's Deli's business. *See* Compl. ¶ 23; Vazquez Decl. ¶ 7. Plaintiff was not tasked with executive or administrative responsibilities. *See* Compl. ¶ 23. He alleges that at all times relevant to this action, Wally's Deli was an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and that its annual gross revenue was in excess of $500,000.00. *See id*. ¶¶ 6-7. He further contends that at all relevant times, Defendant Nasser was an owner or part owner and principal of Wally's Deli who possessed the power to hire and fire employees, set wages and schedules, and maintain employment records. *See id*. ¶ 10.

Plaintiff maintains that Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their hours, so Plaintiff's accounting of hours is based on his notes and recollections. *See id*. ¶ 28; Vazquez Decl. ¶¶ 14-15. For the majority of Plaintiff's employment, he worked either six or seven twelve-hour days per week, but for short periods of time, he worked either six or seven ten-hour, fourteen-hour, or sixteen-hour days per week. *See* Compl. ¶ 26; Vazquez Decl. ¶¶ 10-11; Damages Calculation at 2. As a result, Plaintiff's weeks ranged between 60 and 112 hours, but the majority of his weeks ranged between 72 and 84 hours.

*See* Compl. ¶ 27; Vazquez Decl. ¶ 13; Damages Calculation at 2.  At the beginning of Plaintiff's employment, he was paid $550 per week, but his pay gradually increased over time to $990 per week.  *See* Compl. ¶ 29; Vazquez Decl. ¶ 13; Damages Calculation at 2.

At all times relevant to this action, Plaintiff alleges that Defendants neither paid him overtime compensation for hours worked beyond 40 hours in a workweek nor spread of hours compensation for hours worked beyond 10 hours in a day.  *See* Compl. ¶¶ 34-36.  In addition, Plaintiff asserts that he was paid exclusively in cash throughout his employee and was never provided paystubs or wage statements.  *See id.* ¶ 33.  He also contends that Defendants failed to provide him with a written notice outlining the information required by the WPTA—including Defendants' contact information, Plaintiff's regular and overtime rates of pay, and intended allowances claimed—either at the time of his hiring or at any other time during his employment. *See id.* ¶ 37.  He further maintains that Defendants never sought his signed acknowledgement that he was provided any such notice.  *See id.*  As a result, Plaintiff seeks damages under the FLSA and the NYLL for unpaid overtime wages, spread of hours damages under the NYLL, liquidated damages under the FLSA and the NYLL, and statutory damages under the WTPA for failure to provide wage statements or a written notice, along with attorneys' fees and costs.  *See* Stein Decl. ¶¶ 17-19; Damages Calculation at 2-4.

## PROCEDURAL HISTORY

Plaintiff commenced this action on July 22, 2019.  Dkt. 1.  On August 19, 2019, he filed an affidavit of service averring that a process server personally served the summons and complaint on Nasser's coworker on August 8, 2019 and mailed a copy thereof to Nasser at his place of business on August 9, 2019.  Dkt. 8.  On August 21, 2019, Plaintiff filed an affidavit of service averring that Wally's Deli was served on August 12, 2019 through service upon an agent of the

New York Secretary of State.  Dkt. 9.  Attorney Harold Weisberg filed a notice of appearance on behalf of Defendants on September 3, 2019, Dkt. 10, but he never filed an answer or other response to the Complaint.  On September 4, 2019, the Court referred the matter to mediation.  Dkt. 12. Plaintiff's counsel contends that the court-appointed mediator contacted both him and Mr. Weisberg and scheduled a mediation for December 11, 2019, but that neither Mr. Weisberg nor any other representative for Defendants appeared at the mediation.  *See* Stein Decl. ¶ 10.  He further alleges that neither he nor the mediator were able to get in touch with Mr. Weisberg.  *See id*.

After Plaintiff filed proposed certificates of default, the Clerk of Court entered certificates of default against both Defendants on December 12, 2019.  Dkts. 17-18.  On January 29, 2020, Plaintiff filed the motion for default judgment and supporting declarations now before the Court. Dkts. 21-23.  The Court directed Plaintiff to file his motion and supporting papers on Defendants by March 17, 2020, ordered Defendants to serve any answering papers on Plaintiff by March 31, 2020, and stated that it would hold a show cause conference on April 10, 2020.  Dkt. 24.  At Plaintiff's request, the Court adjourned the show cause hearing to April 13, 2020.  Dkt. 26. Plaintiff filed affidavits of service on March 16, 2020 averring that he served his motion and supporting papers along with the Court's Orders regarding the show cause hearing on Defendants Nasser and Wally's Deli on March 12, 2020 and March 13, 2020, respectively.  Dkts. 27-28.

On April 7, 2020, the Court issued an Order providing that in light of the COVID-19 crisis, it would not hold the show cause hearing scheduled for April 13, 2020, and would instead resolve the motion for default judgment on the papers.  Dkt. 29.  The Court extended Defendants' time to file and serve answering papers to May 4, 2020, and stated that Defendants' failure to do so or seek an extension would result in judgment being entered for Plaintiff.  *Id*.  On May 19, 2020 the

Court extended Defendants' time to file and serve answering papers to June 9, 2020.  Dkt. 30. Plaintiff filed an affidavit of service on May 28, 2020 stating that he served the Court's April 7, 2020 and May 19, 2020 Orders on Defendants on May 21, 2020.  Dkt. 31.  To date, Defendants have still not filed any answering papers.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a court may—on a plaintiff's motion—enter a default judgment against a defendant who "has failed to plead or otherwise defend" itself in an action brought against it.  Fed. R. Civ. P. 55(a).  In particular, "the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).  Generally speaking, "a default is an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).  Yet because a party in default does not admit conclusions of law, the Court must determine whether those allegations establish a sound legal basis for liability. *See Jemine v. Dennis,* 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981)). Moreover, to secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.,* 699 F.3d 230, 235 (2d Cir. 2012) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999)).

## DISCUSSION

### I.     Service

It is axiomatic that "[a] default judgment may not be granted ... if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y.

2014); *see also Aspex Eyewear Inc. v. Cheuk Ho Optical Int'l Ltd.*, Nos. 00-CV-2389, 01-CV-1315 (RMB), 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) ("A default judgment 'obtained by way of defective service is void *ab initio* and must be set aside as a matter of law.'" (citation omitted)).  The burden is on the plaintiff to prove that service was adequate.  *See Alsaud*, 12 F. Supp. 3d at 687.

Plaintiff has satisfied his burden of proving that he adequately served Defendants.  As described above, on August 19, 2019, Plaintiff filed an affidavit of service averring that a process server personally served the summons and complaint on Nasser's coworker on August 8, 2019 and mailed a copy thereof via first class mail to Nasser at his place of business on August 9, 2019. Dkt. 8.  Such service complies with C.P.L.R. § 308(2), which provides for service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . and by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business," as authorized by Federal Rule of Civil Procedure 4(e)(1).  On August 21, 2019, Plaintiff filed an affidavit of service averring that Wally's Deli was served on August 12, 2019 through service upon an agent of the New York Secretary of State. Dkt. 9.  Such service complies with N.Y. Bus. Corp. Law § 306(b), as authorized by Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1).

Plaintiff has also established adequate service of his motion for default judgment and supporting papers on Defendants pursuant to Federal Rule of Civil Procedure 5.  As described above, Plaintiff filed affidavits of service on March 16, 2020 averring that he served his motion and supporting papers along with the Court's March 3, 2020 and March 4, 2020 Orders on Defendants Nasser and Wally's Deli on March 12, 2020 and March 13, 2020, respectively.  Dkts. 27-28.  He alleges that he served Defendants Nasser by serving Nasser's coworker and by mailing

a copy of the papers to Nasser at his place of business, Dkt. 27, and that he served Defendant Wally's Deli by serving a cashier, Dkt. 28.  Both methods of service complied with Federal Rule of Civil Procedure 5(b)(2)(B)(i), which allows for service of papers after the original complaint by leaving them "at the [] office with a clerk or other person in charge."

Finally, Plaintiff has established adequate service of the Court's April 7, 2020 and May 19, 2020 Orders.  Dkts. 30, 31.  As described above, Plaintiff filed an affidavit of service on May 28, 2020 stating that he served those Orders on Defendants on May 21, 2020 via first class mail, Dkt. 31, in compliance with Federal Rule of Civil Procedure 5(b(2)(C), which provides for service by "mailing [a paper] to the person's last known address."  The Court thus concludes that Plaintiff has established adequate service Defendants.

## II.    Liability

### A.    Plaintiff Has Established a Claim for Failure to Pay Overtime Wages in Violation of the FLSA and NYLL

The FLSA provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek . . . is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours . . . specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  "Under the NYLL, employees are entitled to recover all unpaid wages, including overtime, calculated in the same manner as under the FLSA."  *Sajvin v. Singh Farm Corp.*, No. 17-CV-04032, 2018 WL 4214335, at *4 (E.D.N.Y. Aug. 13, 2018) (citing N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2; N.Y. Lab. Law § 198), *report and recommendation adopted*, No. 17-CV-4032, 2018 WL 4211300 (E.D.N.Y. Sept. 4, 2018).

To state a FLSA claim against Defendant Wally's Deli, Plaintiffs must first establish that: "(1) the defendant is an enterprise participating in commerce or the production of goods for the

7

purpose of commerce; (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3)

the employment relationship is not exempted from the FLSA." *Pelgrift v. 335 W. 41st Tavern

Inc.*, No. 14-CV-8934 (AJN), 2017 WL 4712482, at *7 (S.D.N.Y. Sept. 28, 2017) (citation

omitted).  Plaintiff has established all three prongs.  First, Plaintiff has alleged that Wally's Deli

is an enterprise engaged in commerce or in the production of goods for commerce within the

meaning of the FLSA, and that its annual gross revenue was in excess of $500,000 as required by

29 U.S.C. § 203(s)(1)(A)(i)-(ii).  *See* Compl. ¶¶ 6-7; *Pelgrift*, 2017 WL 4712482, at *7 (finding a

complaint merely restating the statutory definition sufficient given reasonable inferences);

*Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (S.D.N.Y. 2015) (same).

Second, Plaintiff has alleged that he is an employee, which the FLSA defines as "any individual

employed by an employer."  29 U.S.C. § 203(e)(1); *see also* Compl. ¶ 21-22, 24.  Third,

Plaintiff's job as a "deli man"—with primary responsibilities of making sandwiches and working

the grill—qualifies as non-exempt employment under the FLSA.  *See* Compl. ¶ 23; Vazquez

Decl. ¶ 7; *Fermin*, 93 F. Supp. 3d at 32-33 (S.D.N.Y. 2015) (discussing classes of exempt and

non-exempt employees).  These allegations are also sufficient to establish a cognizable

employer-employee relationship under the NYLL.  *See Yin v. Kim*, No. 07 CV 1236 (DLI)

(JO), 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008) ("New York's Labor Law mirrors the

FLSA" except for the fact that it "does not require a plaintiff to show either a nexus with

interstate commerce or that the employer has any minimum amount of sales.")

Plaintiff has also sufficiently pled that Defendant Nasser is subject to individual liability

under the FLSA and the NYLL.  The FLSA defines "employer" to include "any person acting

directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. §

203(d), and the NYLL similarly defines "employer" to include "any individual, partnership,

association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer," N.Y. Lab. Law § 651. "[T]here is an employer-employee relationship for FLSA purposes when the individual defendant '(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Pelgrift*, 2017 WL 4712482, at *7 (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). Plaintiff has alleged that at all relevant times, Defendant Nasser was an owner or part owner and principal of Wally's Deli who possessed the power to hire and fire employees, set wages and schedules, and maintain employment records. *See* Compl. ¶ 10. These allegations are sufficient to establish that Defendant Nasser is an employer within the meaning of the FLSA and the NYLL.

Next, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. §207(a)(1)). The FLSA requires compensation for all hours worked in excess of 40 hours "a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. §207(a)(1). The NYLL overtime provision likewise mandates overtime compensation at a rate of one and one-half times the employee's regular rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. The Second Circuit has held that plaintiffs are not required "to keep careful records and plead their hours with mathematical precision, [but] it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place . . . [and they should] draw on those

resources in providing complaints with sufficiently developed factual allegations." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F. 3d 85, 90 (2d Cir. 2013).

As described above, Plaintiff alleges that for the majority of his employment, he worked either six or seven twelve-hour days per week, but for short periods of time he worked either six or seven ten-hour, fourteen-hour, or sixteen-hour days per week. *See* Compl. ¶ 26; Vazquez Decl. ¶¶ 10-11. As a result, Plaintiff's weeks ranged between 60 and 112 hours, but the majority of his weeks ranged between 72 and 84 hours. *See* Compl. ¶ 27; Vazquez Decl. ¶ 13. Plaintiff has provided a chart recounting his overtime hours, based on his notes and recollections. *See* Damages Calculation at 2. Plaintiff alleges that Defendants did not pay him overtime compensation for any hours worked beyond 40 hours in a workweek. *See* Compl. ¶¶ 34-35. These allegations are sufficient to state a claim for failure to pay overtime wages in violation of the FLSA and the NYLL.

### B. Plaintiff Has Established a Spread of Hours Claim Pursuant to the NYLL

Plaintiff next claims that Defendants failed to pay him "spread of hours" compensation in violation of the NYLL. The NYLL provides that an employee is entitled to "receive one hour's pay at the basic minimum hourly wage rate" on any day that the interval between the beginning and end of an employee's work day exceeds 10 hours. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4. As described above, Plaintiff alleges that he "worked six or seven shifts per week that lasted in excess of ten hours from start to finish, and yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day." Compl. ¶ 36. Plaintiff has provided a chart recounting the specific weeks in which he worked in excess of ten hours a day, and the number of days in which he did so. *See* Damages Calculation at 3. The Court thus finds that Plaintiff had adequately established entitlement to "spread of hours" compensation under the NYLL.

### C.  **Plaintiff Has Established a Wage Theft Protection Act Claim**

Finally, Plaintiff contends that Defendants failed to provide him with the notice required by the WPTA.  Section 195(1) of the WTPA mandates that upon hiring of a new employee, all employers must provide the new employee a notice containing information on, *inter alia*, the rate of pay; whether payment is by the hour, shift, day, week, salary, or some other method; any allowances claimed; and the employer's contact information.  *See* N.Y. Lab. Law § 195(1).  It further requires the employer to obtain a signed and dated written acknowledgement of receipt of the notice from the employee, presented in English and the primary language of the employee.  *See id*.  As described above, Plaintiff contends that Defendants failed to provide him with a written notice outlining the information required by the WPTA, either at the time of his hiring or at any other time during his employment, and that they never sought his signed acknowledgment of the WPTA information.  *See* Compl. ¶ 37.  Plaintiff has thus established a violation of Section 195(1) of the WTPA.

Section 195(3) of the WTPA also requires employers to "furnish each employee with a statement with every payment of wages" that includes: 1) the dates of work covered by that payment of wages; 2) name of employee; 3) name and contact information of employer; 4) rates of pay, including any deductions or allowances.  N.Y. Lab. Law § 195(3).  It also provides that for every employee who qualifies for overtime wages, the statement shall include: 1) the regular hourly rate or rates of pay; 2) the overtime rate or rates of pay; 3) the number of regular hours worked; and 4) the number of overtime hours worked.  *Id*.  As described above, Plaintiff alleges that Defendants never provided him paystubs or wage statements of any sort during his employment.  *See* Compl. ¶ 33.  Plaintiff has therefore also established a violation of Section 195(3) of the WTPA.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for default judgment is granted. By separate order, the Court will refer this matter to Magistrate Judge Fox for an inquest into damages. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 21.

SO ORDERED.

Dated:     August 28, 2020
           New York, New York

_____
Ronnie Abrams
United States District Judge

12