USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EFRAIN RESCALVO VAZQUEZ, *on behalf of himself and all other persons similarly situated*,

                Plaintiff,

v.

WALLY'S DELI & GROCERY CORP. and DERHIM NASSER,

                Defendants.

No. 19-CV-6797 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Efrain Rescalvo Vazquez filed this action in July 2019, alleging that his former employer Wally's Deli & Grocery Corp. ("Wally's Deli") and its owner Derhim Nasser violated of the overtime-wage and spread-of-hours requirements of the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL"). On August 28, 2020, the Court granted Plaintiff's motion for a default judgment, after Defendants' then-attorney had failed to respond to the Complaint or any of the Court's orders for nearly a year. The matter was subsequently referred to Magistrate Judge Fox for an inquest into damages, which remains pending. Defendants now move to set aside default on the basis that the default resulted from the illness of their attorney and difficulties associated with the COVID-19 pandemic. For the reasons that follow, the motion—which is uncontested—is granted.

## BACKGROUND

Plaintiff initiated this action on July 22, 2019, alleging that he worked for Defendants from August 2013 until July 2019, and that he was not provided legally required overtime or spread-of-hours compensation despite the fact that he often worked 12-hour shifts and clocked more than 60 hours per week. *See* Compl. ¶¶ 26-36. Although Attorney Harold Weisberg filed a notice of appearance on behalf of Defendants on September 3, 2019, Dkt. 10, Defendants did not respond to the Complaint nor did they appear for the Court-mandated mediation. *See* Dkt. 32 at 4. The Clerk of Court entered certificates of default against both Defendants on December 12, 2019, and Plaintiffs moved for a default judgment on January 29, 2020. Dkts. 18, 21-23. On August 28, 2020, after Defendants had failed to respond to three orders that had been served on them, the Court granted that motion. *See* Dkt. 32.

By separate order, the Court referred the matter to Magistrate Judge Fox for an inquest into damages. Dkt. 33. On November 2, 2020, before that inquest was complete, Defendants filed the instant motion to set aside default. Dkt. 53 ("Mot."). Plaintiffs have not submitted any opposition.

## DISCUSSION

Although the Court granted Plaintiff's motion for a default judgment, final judgment has not yet been entered in this action. Federal Rule of Civil Procedure 60(b), which sets aside grounds for relief from a final judgment, is thus inapplicable and the Court will evaluate the motion under the framework of Rule 55(c). *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Pursuant to that rule, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). As the Federal Rules of Civil Procedure do not define "good cause," the Second Circuit has established three criteria for determining whether to relieve a party from default: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d

2

182, 186 (2d Cir. 2015) (internal quotation marks omitted) (per curiam).  A motion to set aside a default is "addressed to the sound discretion of the district court." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

Moreover, the Second Circuit Court of Appeals has "expressed a strong preference for resolving disputes on the merits." *Green*, 420 F.3d at 104 (internal quotation marks omitted).  It is well established in this Circuit that "good cause" should be "construed generously" since "defaults are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  "Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *Green*, 420 F.3d at 104.

Applying that framework, the Court concludes that the good-cause standard is easily met here.  With respect to the first factor, the Second Circuit has defined willfulness to "refer to conduct that is more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained." *Bricklayers & Allied Craftworkers*, 779 F.3d at 186 (internal quotation marks omitted).  Defendants have provided a reasonable explanation for the default.  The attorney who filed a notice of appearance on behalf of defendants in this case, Harold H. Weisberg, was stricken with life-threatening cancer in early 2020. Mot. at 4.  Mr. Weisberg affirms that the combination of his illness, his advanced age of 85, and the COVID-19 pandemic has prevented him from working since February 2020.  Dkt 53-6, Declaration of Harold H. Weisberg.  The Court finds that these circumstances satisfactorily explain the default in this case.  As there is no other evidence of bad faith, the Court concludes that the default was not willful.

The second factor also counsels in favor of setting aside default.  "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins.*

3

*Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996) (internal quotation marks omitted). In this case, Defendants deny the allegations in the Complaint, and assert both that "Plaintiff did not work for the period of time he alleges and … did not work the alleged exorbitant hours." Mot. at 4. Defendant Derhim Nasser and Wally's Deli manager Khalifa Saleh have submitted affidavits that contradict Plaintiff's version of events based on their personal knowledge of working with Plaintiff. If proven true, the assertions contained in this affidavits would absolve Defendants of liability. The Court thus concludes that Defendants have met the standard for a meritorious defense.

With respect to prejudice, the Court agrees with Defendants that there is no indication that the delay caused by the default will interfere with Plaintiff's prosecution of this case. The Second Circuit has established that "delay standing alone does not establish prejudice" sufficient to defeat a motion to vacate a default. *Enron Oil Corp.*, 10 F.3d at 98. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks and citation omitted). There is no indication that any of those factors apply here. That Plaintiff has expressed no opposition to setting aside the entry of default further supports the Court's conclusion.

In sum, each of the Rule 55(c) factors weighs in favor of vacating the entry of default.

## CONCLUSION

For the foregoing reasons, Defendants' motion to set aside the entry of default is granted. It is hereby ORDERED that this case is referred to mediation under Local Civil Rule 83.9, and that mediation shall be scheduled within sixty days.

IT IS FURTHER ORDERED that to facilitate mediation the parties shall, within four weeks of this Order, confer and provide the following:

1. Both parties shall produce any existing documents that describe the duties and responsibilities of Plaintiff.

2. Both parties shall produce any existing records of wages paid to and hours worked by the Plaintiff (e.g., payroll records, time sheets, work schedules, wage statements and wage notices).
3. Plaintiff shall produce a spreadsheet of alleged underpayments and other damages.
4. Defendants shall produce any existing documents describing compensation policies or practices.
5. If Defendants intend to assert an inability to pay then they shall produce proof of financial condition including tax records, business records, or other documents demonstrating their financial status.

IT IS FURTHER ORDERED that, in the event the parties reach settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), they shall prepare a joint statement explaining the basis for the proposed settlement, including any provision for attorney fees, and why it should be approved as fair and reasonable. The settlement agreement and joint statement shall be presented to this Court, or to the assigned Magistrate Judge should the parties consent to proceed for all purposes before the assigned Magistrate Judge (the appropriate form for which is available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge).

IT IS FURTHER ORDERED that, in the event the parties do not reach a settlement, they shall promptly notify the Court that meditation was unsuccessful and meet and confer pursuant to Fed. R. Civ. P. 26(f) in preparation for their initial pretrial conference.

SO ORDERED.

Dated:   September 9, 2021
         New York, New York

                                          Ronnie Abrams
                                          United States District Judge